7PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 1 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  TRACY GARCIA SANCHEZ   Case Number:  CR 00-00188SOM-02

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 5/29/2001

Original Offense:       Count 1:  Conspiracy to Distribute and Possess With Intent to
                        Distribute in Excess of 500 Grams of Cocaine, in violation of
                        21 U.S.C. §§ 841(a)(1) and 846, a Class B felony

Original Sentence:      Thirty-seven (37) months imprisonment followed by four (4) years
                        of supervised release with the following special conditions:  1) That
                        the defendant is prohibited from possessing any illegal or
                        dangerous weapons; 2) That the defendant participate in a
                        substance abuse program, which may include drug testing at the
                        discretion and direction of the Probation Office; and 3) That the
                        defendant provide the Probation Office access to any requested
                        financial information.

Supervision
Modification:           On 4/20/2005, the Court modified the subject's conditions to
                        include: 4) That the defendant perform twenty-four (24) hours of
                        community service as directed by the Probation Office.

Supervision
Revoked:                On 5/2/2005, the subject appeared before the Court for revocation
                        proceedings and admitted to the following violations:  1) That the
                        subject failed to support her dependents and meet other family
                        responsibilities; 2) On or about 10/23/2005, the subject failed to
                        notify the probation officer 10 days prior to a change in residence;
                        3) On 3/23/2005, the subject submitted a urine specimen that
                        tested positive for methamphetamine; 4) On or about 2/12/2005,
                        the subject failed to notify the probation officer 10 days prior to a
                        change in employment; 5) On 3/29/2005, 4/6/2005, and 4/12/2005,
                        the subject failed to follow instructions of the probation officer;

Prob 12B
(7/93)

6) The subject admitted using methamphetamine on 4/19/2005; and 7) On 4/18/2005 and 4/21/2005, the subject failed to answer truthfully all inquiries of the probation officer.

As a result, the Court sentenced the subject to six (6) months imprisonment followed by thirty-six (36) months of supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant serve 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office; 3) That the defendant reside on the island of Oahu at the discretion and direction of the Probation Office; and 4) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release   Date Supervision Commenced:  10/27/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

*That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Prob 12B
(7/93)

3

# CAUSE

The subject's second term of supervised release commenced on 10/27/2005. Pursuant to Special Condition No. 2, the subject was released from Federal custody to Mahoney Hale.  During the 180 days at Mahoney Hale, the subject secured stable employment and successfully completed outpatient substance abuse treatment.  Upon the completion of the 180 days, she secured stable housing on 4/24/2006.  At this time the subject has been compliant and appears to be drug-free.

Although the subject is not in violation of her conditions of supervised release, we respectfully recommend the Court modify her conditions of supervision as reflected above.  Given the _United States v. Stephens_ (9th Circuit 2005) ruling, the Probation Office is limited to three random tests outside of drug treatment.  As the Court may recall, the subject tested positive for methamphetamine during the first term of supervised release.  With that being said, drug testing is the most reliable method for monitoring the subject's drug use.  The purpose for the modification is so that the Probation Office could continue to conduct random drug testing at the rate of up to eight tests per month.  This amount will allow the probation officer to fashion random drug testing designed to detect drug use while not allowing the subject to predict test dates.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives her right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of supervised release.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  5/4/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

MAY 1 1 2006
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

        I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

        I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[ X ]    To modify the conditions of supervision as follows:

        *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Witness: _____          Signed: _____
        JONATHAN K. SKEDELESKI                         TRACY GARCIA SANCHEZ
        U.S. Probation Officer                          Supervised Releasee

                        _____
                                4/21/06
                                Date